JOE J. ADAMS AND ANASTASIA ADAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 34260-83.
United States Tax Court
T.C. Memo 1985-297; 1985 Tax Ct. Memo LEXIS 335; 50 T.C.M. (CCH) 179; T.C.M. (RIA) 85297; June 20, 1985. Joe J. Adams, pro se. Rosabel Seigan, for the respondent. GUSSIS
MEMORANDUM OPINION
GUSSIS, Special Trial Judge: This case was assigned to Special Trial Judge James M. Gussis for consideration and ruling pursuant to the provisions of section 7456(c) and (d) [1] and General *337 Order No. 8, 81 T.C. XXIII (1983). Respondent determined a deficiency in petitioners' 1981 self-employment tax in the amount of $565.44 and also determined additions to tax under section 6653(a)(1) in the amount of $28.57 and 6653(a)(2) in an amount equal to 50% of the interest due on the underpayment of $565.44. The issues are 1) whether petitioners' 1981 net earnings from the operation of a home repair and maintenance business are subject to the self-employment tax under section 1401, (2) whether respondent correctly determined the amount of net earnings and (3) whether petitioners are liable for the additions to tax under sections 6653(a)(1) and (2). Joe J. Adams (petitioner) and his wife, Anastasia Adams, resided in Fox Lake, Illinois at the time they filed their petition in this case. Petitioners timely filed a joint Federal income tax return for 1981. On their return, petitioner stated his occupation as "Handyman - Self-Employed," and Anastasia's occupation as "Housewife." Petitioner reported net earnings in 1981 from his activities in the home maintenance *338 business in the amount of $6,080 but failed to pay any self-employment tax. Respondent determined that petitioner was a self-employed individual subject to the self-employment tax on his reported net earnings of $6,080 in the amount of $565.44. Section 1401 imposes a tax on the self-employment income of an individual. Section 1402 defines self-employment income in such a manner as to exclude (with certain exceptions not here pertinent) compensation received by an individual from the performance of services as an employee within the meaning of section 3121(d). [2] We are persuaded on this record that petitioner was self-employed during the year in issue. It is clear that petitioner carried on his activities in the house repair and maintenance business as an independent contractor. In no instance does the random nature of his services performed for various homeowners in the Chicago area suggest a permanent employment relationship. See Simpson v. Commissioner,64 T.C. 974 (1975). He sought out his own jobs and it appears that he relied upon his children for any assistance needed in fulfilling at least some of the services required. Petitioner has the *339 burden of proof on this issue. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. We must conclude on this record that petitioner has failed to meet that burden and we consequently hold for the respondent. [3]
Petitioner simply reported net earnings from his home maintenance business in 1981 in the amount of $6,080 and failed to include the requisite Schedule C with his return to show the business expenses incurred in reaching the net earnings figure. Now petitioner *340 seeks to impugn the net earnings figure shown on his return. Petitioner has the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure. We have carefully considered petitioner's vague and confused testimony with respect to his purported expenses and we must conclude that he has failed to meet the requisite burden. Initially, we note that some of the purported expenditures incurred are only deductible, if at all, as itemized deductions rather than business expenses. Petitioner's claims for a casualty loss deduction and a medical expense deduction fall in this category and, in any event, they must be rejected since it clearly appears from petitioner's testimony that such expenses were incurred in 1980 and thus are not properly deductible in 1981. See sections 165(a) and 213(a). Other itemized expenses such as interest on a home mortgage and real estate taxes have already been claimed on his 1981 return and have not been disallowed by respondent. We are not persuaded that petitioner is entitled to a business expense deduction of approximately $2,640 for a purported salary paid to his wife in 1981. Intra-family payments of this nature are subject to close *341 scrutiny. Petitioner's testimony with respect to the nature of her duties and to the somewhat irregular method of making the cash payments to his wife does not support a finding that such payments represented reasonable compensation for services. On this record, we must conclude that any cash payments made by petitioner to his wife from his earnings simply represented the funds provided by petitioner to meet the necessary living expenses of petitioner and his family (which included three children). Such expenditures of course represent nondeductible personal expenses under the provisions of section 262. Nor has petitioner established that he is entitled to any deduction for a home-office. See section 280A. Petitioner's vague testimony does not show, even remotely, that some portion of his dwelling unit was exclusively used on a regular basis for his trade or business. [4] Moreover, in view of the limited space available in petitioner's home for a family of five it is highly improbable that any specific portion of the dwelling unit was so used. Consequently, we must conclude that petitioner is not entitled to any deduction for expense items attributable to a home *342 office. Finally, petitioner has not established that the legal fees of about $970 he incurred were business related within the meaning of section 162. It appears that such legal fees were incurred in connection with an automobile accident in which petitioner's wife was involved. On this record, we must conclude that the legal expenses were personal in nature and hence nondeductible. Section 262. Petitioner claims business expense deductions for automobile expenses ($3,159.01), materials and supplies ($1,089.71), salaries paid to his children ($1,610), mailing expenses ($23.03), miscellaneous business expenses ($465.45), expenditures for a welding course ($124.60) and some undetermined portion of his total telephone bill (approximately $570). Even if we should assume that petitioner has substantiated these various business expenses in full, the record does not *343 establish any amount representing the gross receipts from petitioner's business and consequently it is not possible to determine in any reliable fashion petitioner's net receipts. [5] Petitioner produced no formal books and records with respect to his business activities. While an informal calendar kept by petitioner indicates gross receipts of $11,676.72, petitioner conceded that additional payments in some unspecified amount were received by him which do not appear on the calendar. Therefore we do not consider the calendar as reliable. In short, there is no evidence in the record to show that petitioner's net business receipts were less than the amount originally reported by him on his 1981 income tax return. Petitioner has failed to meet his burden of proof. Respondent has determined that petitioner is liable for additions to tax *344 under sections 6653(a)(1) and 6653(a)(2). Petitioner made no serious effort to rebut the respondent's determination that a part of the underpayment for 1981 is due to negligence or intentional disregard of rules or regulations. See Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). On this record therefore we must sustain respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Section 3121(d)(2) defines an employee as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." ↩
3. We note that petitioner has been before this Court on a prior occasion to dispute his liability for the self-employment tax. See Adams v. Commissioner,T.C. Memo. 1982-223, affd. without published opinion 732 F.2d 159↩ (7th Cir. 1984). That case involved the tax years 1973, 1974, 1975 and 1977. This Court determined that for each of those years petitioner was self-employed and thus subject to the section 1401 self-employment tax.
4. The nature of petitioner's evidence on this issue is demonstrated by his testimony that he is claiming that 50 percent of his dwelling is used for business purposes on the ground that he has "law books all over the place." The relationship of such materials to his home maintenance business is unexplored.↩
5. With respect to the welding course expenses of $124.60, which are properly deductible only as itemized expenses, a deduction of this amount would have no effect on petitioner's 1981 tax liability since it appears from his tax return that the total itemized deductions are not in excess of the applicable statutory zero bracket amount of $3,400.↩